**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**NEW HAMPSHIRE
INSURANCE COMPANY,**

**Plaintiff,**

**v.**

**MJTM TRUCKING, INC.,
and ALLEN HOBBS,**

**Defendants.**                                                 **09-0520-DRH**

### MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

### I.  Introduction and Background

Now before the Court is Allen Hobbs' motion to dismiss (Doc. 9). Specifically, Hobbs contends that the Court should dismiss this case for lack of subject matter jurisdiction, insufficient service of process and failure to join a party under Rule 19.  Plaintiff opposes the motion (Doc. 14).  Based on the following, the Court denies Hobbs' motion.

On July 10, 2009, New Hampshire Insurance Company filed this declaratory judgment action against MJTM Trucking, Inc., and Allen Hobbs pursuant to 28 U.S.C. § § 2201 and 1332(a) (Doc. 2).  New Hampshire Insurance Company ("New Hampshire") seeks a declaration that it owes no duty to defend or indemnify

MJTM Trucking, Inc., with respect to a workers' compensation claim filed by Hobbs.[1]
New Hampshire contends that it properly cancelled the insurance policy it issued to
MJTM Trucking due to MJTM Trucking's failure to pay its premiums more than ten
days before Hobbs' accident.

## II.  Analysis

First, Hobbs argues that the Court lacks subject matter jurisdiction as
the issue, whether the Illinois Workers' Compensation Commission received Plaintiff's
Notice of Cancellation on January 16, 2008 or on January 15, 2008, is factual, not
legal and factual questions are to be decided by the Illinois Workers' Compensation
Commission.  The Court does not agree with Hobbs.

The Declaratory Judgment Act, 28 U.S.C. § 2201, provides that Courts
may declare rights and other legal relations of any interested party to an actual
controversy within its jurisdiction.  The Illinois Supreme Court has made clear that
where a coverage dispute connected with a workers' compensation claim is pending
in both the Commission and the circuit courts, the circuit court has paramount
jurisdiction over the coverage issue.  ***Employers Mutual Cos. v. Skilling***, **644
N.E.2d 1163 (Ill. 1994) (Because courts, not the Commission, are best suited to
determine questions of contract interpretation at the heart of coverage dispute,
an insurer is entitled to declaratory relief in the courts without having to undergo**

---

[1]On January 26, 2008, Hobbs was injured while employed by MJTM Trucking.  Hobbs filed
an Application for Adjustment of Claim against MJTM before the Illinois Workers' Compensation
Commission on March 25, 2008.  Thereafter, on April 29, 2009, Hobbs filed a Second Amended
Application for Adjustment of Claim.

**the delay and expense of advancing its position before the Commission**).

Taking the allegations of the complaint as true, this declaratory judgment complaint contains sufficient allegations to establish subject matter jurisdiction based on 28 U.S.C. § 1332.  Further, ***Skilling,*** demonstrates that coverage disputes belong in the courts and not before the Illinois Workers' Compensation Commission.  Thus, the parties in this litigation may pursue discovery and the Court can determine when the notice of the cancellation was received and the other critical issues in this case.

Next, Hobbs argues that the Court should dismiss the case as New Hampshire failed to join the Illinois State Treasurer as a party.  Hobbs contends that if New Hampshire does not have to provide benefits then the Illinois State Treasurer would be responsible for the benefits in his underlying claim.  New Hampshire responds that the Illinois State Treasurer is not a necessary and/or an indispensable party as the Court can accord complete relief in this matter without the Illinois State Treasurer as a party.

Federal Rule of Civil Procedure 12(b)(7) provides for the dismissal of an action when there is a failure to join a party under Rule 19.  **FED.R.CIV.P. 12(b)(7)**. Dismissal for failure to join a party under Rule 19 requires a two-step inquiry. ***Davis Companies v. Emerald Casino, Inc.*, 268 F.3d 477, 481 (7th Cir. 2001)**.  A court first considers whether the absent party is one that should be joined if feasible, traditionally known as a "necessary" party. ***Id.***  In determining whether the absent party is necessary under Rule 19(a), the court considers the following: 1) whether complete relief can be accorded without joinder of that party; 2) whether the party's

ability to protect his interest will be impaired; and 3) whether the existing parties will be subject to a substantial risk of multiple or inconsistent obligations unless the party is joined. *Id.* If the court deems the absent party "necessary" to the litigation, but the party cannot be included in the action, then the court proceeds to the second part of the inquiry. *Id.* The court next determines whether the litigation can proceed at all in the party's absence by considering whether it can structure a judgment that will protect the absent party's rights and the existing litigants' rights. ***Thomas v. United States***, **189 F.3d 662, 667 (7th Cir. 1999)**.

The Court finds Hobbs has not carried his burden to establish that the Illinois State Treasurer is a necessary party to this litigation.  This case is a declaratory judgment action that involves only whether New Hampshire properly cancelled the insurance policy due to MJTM Trucking's failure to pay its premiums to New Hampshire.  The Illinois State Treasurer was not a party to the insurance policy.  Based on the allegations in the declaratory judgment complaint, the Court can accord complete relief among these parties and there is not a risk of inconsistent obligations. Thus, the Court concludes that the Illinois State Treasurer is not a necessary party to this declaratory judgment action.

Last, Hobbs argues that the Court should dismiss the case for improper service as Hobbs was served on November 21, 2009, 133 days after the complaint was filed.

Federal Rule of Civil Procedure 4(m) provides in part:

If service of the summons and complaint is not made upon a defendant

within 120 days after the filing of the complaint, the court, upon motion own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period....

**FED.R.CIV.P. 4(m)**.  Even if good cause for an extension does not exist, the Court has discretion to grant an extension.  *Henderson v. United States*, 517 U.S. 654, 662 (1996); *United States v. Ligas*, 549 F.3d 497, 501 (7th Cir. 2008); *Panaras v. Liquid Carbonic Industries Corp.*, 94 F.3d 338, 340-41 (7th Cir. 1996).

While service was not effected within the 120-day period, the Court finds sufficient reason to grant a discretionary extension of time.  Hobbs has not alleged any prejudice resulted from the delay in service and the Court finds that the short delay in service was not prejudicial to Hobbs.  Further, dismissing the case now would waste judicial resources, as New Hampshire indicates that it will re-file and attempt service again.  Consequently, the Court declines to dismiss the complaint for improper service.

### III.  Conclusion

Accordingly, the Court **DENIES** Hobbs' motion to dismiss (Doc. 9).

**IT IS SO ORDERED.**

Signed this 10th day of March, 2010.

/s/  *David R Herndon*

**Chief Judge**
**United States District Court**